UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHRISTOPHER SPECHT, JOHN GIBSON, :
MICHAEL FAGAN and SEAN KELLY, :
individually and on behalf of all others similarly :
situated, :
                                         Plaintiffs, : **ORDER DENYING**
                                          : **ATTORNEY'S FEES AND**
                                          : **LITIGATION COSTS**
   -against- :
                                          :
NETSCAPE COMMUNICATIONS CORP. and : 00 Civ. 4871 (AKH)
AMERICA ONLINE, INC., :
                                  Defendants. :
------------------------------------------------------------x
SHERRY WEINDORF, individually and on behalf :
of all others similarly situated, :
                                         Plaintiff, :
                                          : 00 Civ. 6219 (AKH)
   -against- :
NETSCAPE COMMUNICATIONS CORP. and :
AMERICA ONLINE, INC., :
                                    Defendants. :
------------------------------------------------------------x
MARK GRUBER, individually and on behalf :
of all others similarly situated, :
                                         Plaintiff, :
                                          : 00 Civ. 6249 (AKH)
   -against- :
NETSCAPE COMMUNICATIONS CORP. and :
AMERICA ONLINE, INC., :
                                    Defendants. :
------------------------------------------------------------x
ALVIN K. HELLERSTEIN, U.S.D.J.:

     The parties appeared before me on April 11, 2005 for a hearing on the application by plaintiffs' counsel for attorney's fees and litigation costs following the Final Order and Judgment Approving Class Action Settlement, which I issued on January 10, 2005. The settlement referred to therein (the "Settlement"), executed by the parties on September 2, 2004, disposed of all of plaintiffs' remaining claims under the Electronic Communications Privacy

1

Act ("ECPA"), 18 U.S.C. § 2510 et seq. ECPA provides in relevant part:

> Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

Id. § 2520(a). "Relief" includes "(1) such preliminary and other equitable or declaratory relief as may be appropriate; (2) damages under subsection (c) and punitive damages in appropriate cases; and (3) a reasonable attorney's fee and other litigation costs reasonably incurred." Id. § 2520(b).[1]

Although the Settlement anticipates the possibility of a judicial award of attorney's fees and litigation costs to plaintiffs' counsel, I hold that there is no authorization for awarding such fees and costs. See Aetna Casualty and Surety Co. v. Liebowitz, 730 F.2d 905 (2d Cir. 1984). Like the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Clayton Act discussed in Aetna, the ECPA is a straightforward statute that requires a violation to trigger relief in the form of attorney's fees and costs. See 18 U.S.C. § 2520(a), (b). Accordingly, any flexibility I might have had to award fees and costs under a "prevailing party" statute, see Aetna, 730 F.2d at 907 (noting that "Congress undertook a program of widespread encouragement of private enforcement of certain laws through enactment of provisions authorizing attorney's fee awards to a 'prevailing party,' a term considerably broader and more flexible than that found in [the RICO statute]"); see also Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res., 532 U.S. 598 (2001) (construing "prevailing party" statutes); Pres. Coalition of Erie County v. Fed. Transit Admin., 356 F.3d 444 (2d Cir. 2004) (applying Buckhannon), is foreclosed in this case.

---

[1] Although plaintiffs' counsel makes its fee application pursuant to 18 U.S.C. § 2520 and Fed. R. Civ. P. 54(d)(2), the latter is not relevant in light of the substantive statute's provisions governing attorney's fees and litigation costs.

2

Defendants in this case did not waive their right to object to plaintiffs' counsel's entitlement to attorney's fees and litigation costs. The Settlement provides that "[d]efendants expressly and strenuously deny any of the liability, fault, or wrongdoing alleged in the pleadings and other papers, and….[n]othing in this Stipulation of Settlement or in the settlement process surrounding this Stipulation of Settlement should be construed as an admission or concession of any such liability, fault, wrongdoing, harm, or damage." Settlement, at 6. It continues, "Neither this Stipulation of Settlement nor the Defendants' agreement to the Settlement shall be construed as, or be deemed to be evidence of, an admission or concession by Defendants of any fault or liability whatsoever…." Id., at 6-7. Perhaps most compelling, the Settlement makes clear that "[d]efendants intend to oppose such [fee] application and to contest Plaintiffs' and Class Counsel's entitlement to any such award [of attorney's fees and litigation costs]." Id., at 25; see also Official Notice of Proposed Settlement, at 9. Indeed, the issue of entitlement was raised at the hearing on the preliminary approval of the Settlement. See Tr. of Sept. 23, 2004, at 21-28. At that hearing, I asked defendants' counsel "What if you say, for example, that since there is no finding of violation, just a compromise, I lack the power to fix an amount [of attorney's fees and costs]." Id., at 27. Defendants' counsel responded that "that will be an issue that will be decided in the course of deciding the motion for applying for attorney's fees." Id. Plaintiffs' counsel acknowledged defendants' position. Id. ("Well, I have somewhat a different view of the law, but I agree that we are at odds on those issues, yes.").

I approved the Settlement as fair in the context of the issues of the case. However, while the Settlement provides a benefit to the plaintiff class in the form of assurances about Netscape's software offerings going forward, that benefit is not quantifiable. There is no compelling justification in this case for an award of attorney's fees and litigation costs,

especially in view of the "American Rule" that parties ordinarily are to bear their own attorney's fees. See Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975).

SO ORDERED.

Dated: New York, New York
April 20, 2005

_____//S//_____
ALVIN K. HELLERSTEIN
United States District Judge